IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


NORMAN D. CRAMER,

                         Plaintiff,

            v.                              CASE NO. 06-3303-SAC

BILL OVERBECK, et al.,

                         Defendants.



O R D E R

Plaintiff, a prisoner incarcerated in a Kansas correctional facility, proceeds pro in this civil action.  Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

In the complaint as later amended,[1] plaintiff seeks damages on allegations concerning the conditions of his confinement in the Washington County Jail in February and March in 2006.  The defendants named in the amended complaint are Washington County sheriffs Bill Overbeck and Scott Miller in their individual and official capacities, and the Washington County Sheriff's Department.

_____

[1]See Fed.R.Civ.P. 15(a) (plaintiff may amend complaint "once as a matter of course" prior to defendants filing their response to the complaint).

*28 U.S.C. § 1915(A) Screening of the Amended Complaint*

Because plaintiff is a prisoner, the court is required to screen the amended complaint and dismiss the amended complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915A(a) and (b).

The court liberally construes plaintiff's amended complaint as seeking relief under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights.[2]  To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law.  Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970); Hill v. Ibarra, 954 F.2d 1516, 1520 (10th Cir. 1992).  Having reviewed plaintiff's allegations, the court finds they state no cognizable claim upon which relief can be granted under § 1983.

Plaintiff states that he and two other prisoners in the Washington County jail had access to cleaning materials on March 1, 2006, when they mixed bleach with ammonia to clean their cell and created toxic fumes.  He states that jail staff cleared the area with hot sudsy water within a half hour, but provided no medical attention to the prisoners' watering eyes, sneezing, and coughing.  Plaintiff claims he suffered a

---

[2]All other statutes asserted by plaintiff as jurisdiction for this action are legally frivolous.
Plaintiff asserts jurisdiction under 42 U.S.C. §§ 1981, 1985(3), 1986, and 1988, but presents no factual or legal basis for any cause of action under these statutes.
Plaintiff also asserts jurisdiction under 18 U.S.C. §§ 241 and 242, but cannot recover civil damages for an alleged violation of a these criminal conspiracy statutes.  *See* Shaw v. Neece, 727 F.2d 947, 949 (10th Cir. 1984).

sore throat and runny nose, irritated eyes, headaches, ringing in ears, and permanent loss of hearing, and contends he and other prisoners were subjected to a hazardous condition by their access to toxic materials without adequate supervision.  He seeks relief on claims that defendants were negligent and deliberately indifferent to this potential serious risk to plaintiff's health and safety.

The Eighth Amendment, applicable to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment on prisoners.  Wilson v. Seiter, 501 U.S. 294, 296-97 (1991).  For a claim based on failure to ensure a prisoner's safety, the prisoner "must show that he is incarcerated under conditions posing a substantial risk of serious harm," otherwise described as an "excessive risk to inmate health or safety," that is "sure or very likely to cause serious illness and needless suffering." Helling v. McKinney, 509 U.S. 25, 33 (1993)(quoting Farmer v. Brennan, 511 U.S. 825, 834 and 837 (1994)).

Plaintiff's allegations of an isolated and accidental chemical reaction fail to satisfy this constitutional standard.  The Eighth Amendment requires prison officials to take reasonable measures to guarantee inmate safety.  Barney v. Pulsipher, 143 F.3d 1299, 1310 (10th Cir. 1998).  While the combination of available cleaning materials created the dangerous result plaintiff describes, plaintiff alleges no practice or history of any similar previous accident occurring at the jail that would support a finding of an obvious and known danger, or a finding that jail staff provided these cleaning supplies with deliberate indifference to prisoner health and safety.  Furthermore, any negligence by jail staff is not

3

actionable under § 1983, as the  Supreme Court has made clear that negligent, inadvertent, or accidental nonfeasance will not support an Eighth Amendment claim.[3]  *See, e.g.,* <u>Farmer</u>, 511 U.S. at 840; <u>Wilson v. Seiter</u>, 501 U.S. 294, 305 (1991); <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976). *See also* <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action).

Nor are plaintiff's allegations of being denied immediate medical care sufficient to state a cognizable Eighth Amendment claim. "A prison official violates an inmate's clearly established Eighth Amendment rights if he acts with deliberate indifference to an inmate's serious medical needs..." <u>Garrett v. Stratman</u>, 254 F.3d 946, 949(10th Cir. 2001)*(internal quotation marks omitted)*. "Delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm." <u>Id</u>. at 950*(internal quotation marks omitted)*.

In the present case, staff reasonably first acted to reduce and neutralize the dangerous chemical fumes causing plaintiff's temporary symptoms. Plaintiff's bare and conclusory claim of a permanent loss of hearing loss is insufficient to establish either a causal connection to his brief exposure to the fumes, or that any

---

[3]Because the court finds herein that the amended complaint is subject to being dismissed as stating no claim over which this court has original jurisdiction, the court declines to exercise its supplemental jurisdiction over any state claim. *See* 28 U.S.C. § 1367(c)(3)(expressly authorizing district court to decline supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

defendant thereafter ignored or denied treatment for an obvious serious medical need.

The court further finds all claims against the Washington County Sheriff Department should be dismissed because the sheriff department is not a proper defendant. *See* Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994)(a police department is not an entity which can be sued under § 1983); De La Garza v. Kandiyohi County Jail, 18 Fed.Appx. 436, 437 (8th Cir. 2001)(neither a county jail nor a sheriff's department is a suable entity)(unpublished opinion); Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff' s departments and police departments are not usually considered legal entities subject to suit").[4]

Accordingly, the court directs plaintiff to show cause why the amended complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted"). The failure to file a timely response may result in the amended complaint being dismissed for the reasons stated herein, and

---

[4]Nor has plaintiff alleged any deprivation of his constitutional rights pursuant to a policy or practice of Washington County for the purpose of stating any claim for relief against the county. *See* Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978)(requirements for establishing municipal liability). *See also* D.T. by M.T. v. Independent School Dist. No. 16, 894 F.2d 1176, 1187 (10th Cir.)(absent a showing of a causal link between an official policy or custom and the plaintiff's injury, Monell prohibits a finding of liability against a city or county)*, cert. denied*, 498 U.S. 879 (1990).

without further prior notice to plaintiff.

*Pending Motions*

Defendants' motion to the dismiss the amended complaint, based on plaintiff's failure to effect proper and timely service of summons, is denied because the court is responsible for service in this matter. *See* 28 U.S.C. § 1915(d)("When a plaintiff proceeds in forma pauperis under § 1915, the court is to issue and serve all process."); Fed.R.Civ.P. 4(c)(2)(providing for court appointment of U.S. Marshal Service to effect service when plaintiff proceeds in forma pauperis under 28 U.S.C. § 1915). *See also* Fed.R.Civ.P. 4(m)(authorizing court to extend 120 day period for service of summons and complaint if good cause exists under the circumstances).

Plaintiff's motions for service of summons are denied without prejudice. If the court determines a response is required on any claim in the amended complaint, it will direct the clerk's office to prepare summons or waiver of service of summons forms, for service by the United States Marshal Service.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the amended complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that defendants' motion to dismiss (Doc. 12) is denied, and that plaintiff's motions for service of summons (Docs. 9 and 14) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 6th day of September 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge